# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

BRYAN MARR PLUMBING, LLC, )
)
)
      **Plaintiff,** )
)
v. )   Case No. CIV-19-415-RAW
)
EMCOR FACILITIES SERVICES, INC., )
and BRAD DOLLAR, )
)
)
      **Defendants.** )

## ORDER

Before the court is the motion of the plaintiff to remand. Plaintiffs commenced this action in the District Court of Carter County, State of Oklahoma, on October 29, 2019. The allegations of the state court petition are generally as follows: Plaintiff is a for-profit domestic legal entity registered in Oklahoma. Defendant EMCOR is a for-profit foreign legal entity, which may be served in Cincinnati, Ohio. Defendant Brad Dollar is an Oklahoma resident.[1]

Plaintiff had been working as a contractor at "Michelin," evidently the Michelin plant located in Ardmore, Oklahoma. EMCOR is a national facility service contractor that is and has been a competitor of the plaintiff for several years at Michelin. On March 11, 2019, plaintiff signed a Master Service Agreement with Michelin, extending plaintiff's contract

---

[1] Plaintiff has since filed an amended complaint (#28) in this court, but it is the state court petition which is controlling as to removal and possible remand. *See Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1488 (10th Cir.1981).

regarding work in the "mold shop" for three more years, until March 11, 2022. On April 5, 2019, Dollar (the Michelin Maintenance Contract Manager) contacted plaintiff and stated Dollar was going to "take bids" on the mold shop contract. EMCOR then began contacting plaintiff's employees to sign employment applications with EMCOR. In one instance, on April 9, 2019, EMCOR visited and "escorted" three of plaintiff's employees away from their stations in the mold shop while still clocked in.

It is alleged that Michelin had a policy that when a contract was open for bidding, Michelin always took three bids. On April 11, 2019, David Rice (EMCOR site manager) contacted plaintiff and said EMCOR would probably get the mold shop contract, despite plaintiff having filed a three year extension the month before. (The contract is not before the court, but it appears to be alleged Michelin could cancel the contract with 30 days' notice to plaintiff). On April 24, 2019, Dollar emailed plaintiff and Rice, stating EMCOR would be getting the mold shop contract. Dollar also stated he wanted plaintiff's employees (whom plaintiff had trained) to come under EMCOR control. It is alleged Dollar did not consider three bids before his announcement.

It is alleged that Dollar and Rice were good friends, who "formulated a plan," "secretly work[ed] hand in hand," and engaged in a "conspiracy" to "tortuously and wrongfully interfere with [plaintiff's] mold shop contract with Michelin."

Defendant EMCOR removed the action to this court on December 5, 2019. The asserted basis was diversity jurisdiction, in that the amount in controversy exceeded $75,000

2

and Oklahoma resident Dollar was fraudulently joined and could be ignored for diversity purposes. Plaintiff agrees that the jurisdictional amount is satisfied, and upon review the court agrees as well.[2]

A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921). Fraudulent joinder is a term of art. It does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant. *Ferrell v. BFG Global, LLC,* 2015 WL 6438988 n.4 (W.D.Okla.2015)(*quoting Cooper v. Zimmer Holdings, Inc.,* 320 F.Supp.2d 1154, 1157 (D.Kan.2004)).

Defendant can prove fraudulent joinder by showing either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson,* 733 F.3d 980, 988 (10th Cir.2013); *Long v. Halliday,* 768 Fed. Appx. 811, 814 (10th Cir.2019). Defendant's argument is on the second path, asserting that plaintiff's claim against Dollar of tortious interference with contract fails as a matter of law. Removing defendants bear the burden of establishing jurisdiction. *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir.2001). A

---

[2]At the time of removal, Dollar had not been served and did not join in the notice of removal. Plaintiff does not seek remand on this basis, and in any event an unserved defendant and/or a defendant who was allegedly fraudulently joined need not consent to the notice of removal. *See Coppedge v. Cabot Norit Americas, Inc.,* 2020 WL 967339, *2 (N.D.Okla.2020). Subsequently, Dollar was served with process on January 27, 2020 and counsel has entered appearances on his behalf. (##23 & 25).

defendant asserting fraudulent joinder carries a heavy burden of proof. *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir.2000). District courts are to resolve disputed questions of facts and ambiguities in the controlling law in the plaintiff's favor and then determine whether the plaintiff "has any possibility of recovery against the party whose joinder is questioned." *Id.* "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.*

In cases where a defendant alleges fraudulent joinder, the Tenth Circuit has directed district courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Nerad v. AstraZeneca Pharmaceuticals, Inc.,* 203 Fed.Appx. 911, 913 (10th Cir.2006). While the court is to pierce the pleadings, the court is not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.,* 378 F.2d 879, 882 (10th Cir.1967). Furthermore, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Brazell v. Waite,* 525 Fed.Appx. 878, 881 (10th Cir.2013).

The elements of a tortious interference claims are (1) interference with a business or contractual right; (2) malicious and wrongful interference that is neither justified, privileged, nor excusable; (3) damage proximately sustained as a result of the interference. *Tuffy's, Inc.*

4

*v. City of Oklahoma City,* 212 P.3d 1158, 1165 (Okla.2009). An agent or employee generally cannot be held liable for interfering with a contract between the principal and a third party. *Voiles v. Santa Fe Minerals, Inc.,* 911 P.2d 1205, 1210 (Okla.1996). An exception exists in that liability may be present where the agent or employee acts in bad faith and contrary to the interests of the principal. *Martin v. Johnson,* 975 P.2d 889, 896-97 (Okla.1988).

Under the applicable standard, the court grants the present motion. Defendant has not shown there is <u>no</u> <u>possibility</u> plaintiff would be able to establish a cause of action against Dollar in state court. *See Coppedge v. Cabor Norit Americas, Inc.,* 2020 WL 967339, *2 (N.D.Okla.2020). Under Oklahoma law, liability of an agent or employee depends upon exploration of motivation. Michelin had quite recently signed a contract extension with plaintiff. Presumably, the contract extension represented Michelin's desire at the time. Under the allegations, within days Dollar (in league with his friend Rice, an EMCOR employee) sought to bring about the negation of that contract and the awarding of the mold shop contract to EMCOR. This is sufficient (under the applicable standard) to give rise to an inference that Dollar acted in bad faith and contrary to Michelin's interests.[3] Whether the discovery process establishes such facts is not for this court to determine.

---

[3]In *Rainwater v. Oklahoma,* 2020 WL 499698, *5 (W.D.Okla.2020), the court denied a Rule 12(b)(6) motion [which is a less exacting standard] on such a claim.

It is the order of the court that the motion of the plaintiff to remand (#9) is hereby granted. Pursuant to 28 U.S.C. §1447(c), this action is remanded to the District Court for Carter County, State of Oklahoma.

**ORDERED THIS 4th DAY OF MARCH, 2020.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**